UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                           Case No. 18-20323

Ronald Clemmons,           Honorable Sean F. Cox

      Defendant.

_____/

### ORDER NOTIFYING DEFENDANT OF RECHARACTERIZATION AND DIRECTING DEFENDANT TO FILE MEMORANDUM

Defendant Ronald Clemmons ("Defendant") pleaded guilty to Conspiracy to Possess with Intent to Distribute Controlled Substances. This Court sentenced Defendant to a term of 90 months of imprisonment in a Judgment issued on July 25, 2019. Defendant did not file a direct appeal.

Defendant recently filed a motion for compassionate release, that was denied by this Court. This Court also denied Defendant's motion for reconsideration as to that ruling.

Acting *pro se*, on or about December 14, 2020, Defendant sent a written submission to this Court asking this Court to vacate his sentence and impose a reduced sentence. (ECF No. 412).

Although Defendant's submission does not cite the legal authority under which he asks this Court to vacate and reduce his sentence, the relief requested is consistent with a motion to vacate sentence under 28 U.S.C. § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Defendant's submission as a § 2255 motion, however, Defendant

must be given the opportunity to withdraw the filing.  *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  This is because "[a]n unintended byproduct of [liberally construing *pro se* filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed *pro se* litigant of the future opportunity to file a motion to vacate his sentence under § 2255."  *Id*. at 621.  After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act generally prevents a prisoner from filing a second or successive § 2255 motion.  Thus, the prisoners must be aware that the Court's construction of their petition may limit their ability to pursue future avenues of collateral relief and must be given the opportunity to either agree with the Court's construction or withdraw their motion.

Accordingly, **Defendant is hereby NOTIFIED that the Court intends to construe his December 14, 2020 submission as a motion for relief under 28 U.S.C. § 2255.**

Defendant is **ORDERED** to file a one-page memorandum on or before **January 29, 2021**, indicating whether he agrees with the Court's intended characterization of his December 14, 2020 submission or whether he withdraws that submission.  In the event that Defendant does not file a memorandum on or before that date, his submission will be deemed a motion under § 2255.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 5, 2021